**Your Missouri Courts**                                    **.net**

Search for Cases by:  Select Search Method...  ▼

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print          GrantedPublicAccess  Logoff RCHRISTENSEN

1911-CC00996 - OTIS LAWSON V RECKITT BENCKISER (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**                    Sort Date Entries: ⦿          Display Options:
**Click here to Respond to Selected Documents**        Descending              All Entries  ▼
                                                       ○ Ascending

**11/25/2019**   ☐  **Agent Served**
Document ID - 19-SMCC-1909; Served To - RECKITT BENCKISER LLC; Server - COLE COUNTY
SHERIFF'S DEPARTMENT; Served Date - 05-NOV-19; Served Time - 07:30:00; Service Type - Sheriff
Department; Reason Description - Served; Service Text - SERVED S. L., DESIGNEE.

**10/24/2019**   ☐  **Request for Records Filed**
REQUESTED COPIES WERE MAILED OUT. CJ

**10/22/2019**   ☐  **Summons Issued-Circuit**
Document ID: 19-SMCC-1909, for RECKITT BENCKISER LLC. SUMMONS SAVED AND ATTACHED
IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. TMV

**10/18/2019**   ☐  **Filing Info Sheet eFiling**
          **Filed By:** JOSHUA GRAHAM MILLER

          ☐  **Note to Clerk eFiling**
          **Filed By:** JOSHUA GRAHAM MILLER

          ☐  **Confid Filing Info Sheet Filed**
          Circuit Civil Information Sheet.
          **Filed By:** JOSHUA GRAHAM MILLER
          **On Behalf Of:** OTIS LAWSON

          ☐  **Summ Req-Circuit Pers Serv**
          Request for Summons.
          **Filed By:** JOSHUA GRAHAM MILLER

          ☐  **Pet Filed in Circuit Ct**
          Petition; Exhibit 1; Exhibit 2.

          ☐  **Judge Assigned**

Case.net Version 5.14.0.16              Return to Top of Page              Released 10/24/2019

**Exhibit A**

**1911-CC00996**

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

IN THE 11ST CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| OTIS LAWSON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Cause No.: |
| | ) | Division No.: |
| RECKITT BENCKISER, LLC, a foreign | ) | |
| limited liability company, | ) | |
| | ) | |
| SERVE REGISTERED AGENT: | ) | **JURY TRIAL DEMANDED** |
| CSC-Lawyers Incorporating Service  Co. | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| *Defendant.* | ) | |

## PETITION

COMES NOW Plaintiff, OTIS LAWSON ("LAWSON"), by and through undersigned

counsel, and for his Petition against Defendant, RECKITT BENCKISER, LLC, a foreign limited

liability company ("RB"), hereby states and alleges the following:

### STATEMENT OF CASE

1.      This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's

civil rights for the unlawful deprivation of Plaintiff's rights and privileges accorded her by the

United States Constitution because of the Defendants unlawful retaliatory and discriminatory

practices against Plaintiff's civil rights pursuant to Title VII of the Civil Rights Act of 1964, as

amended (hereinafter "Civil Rights Act"), 42 U.S.C. § 1981, as amended, the Missouri Human

Rights Act § 213.010., et seq.

### JURISDICTION AND VENUE

2.      Plaintiff, Lawson, is an individual who resided at all relevant times in the County

of St. Louis, State of Missouri.

Electronically Filed - St. Charles Circuit Div - October 18, 2019 - 10:21 AM

3.      Defendant, RB, is a foreign limited liability company purposely and continuously availing itself of the benefits of doing business in Missouri by operating locations in Missouri; specifically including St. Charles County.

4.      Venue is proper within this Court because the unlawful practices complained of herein occurred in the County of St. Charles, State of Missouri.

5.      Plaintiff filed a charge of discrimination and was issued a Notice of Right to Sue by the Missouri Commission on Human Rights. (See Exhibit 1).

6.      Plaintiff filed a charge of discrimination and was issued a Notice of Right to Sue by the U.S. Equal Employment Opportunity Commission. (See Exhibit 2).

## GENERAL ALLEGATIONS

7.      Defendant, RB, employs 200 or more persons within the state for pay.

8.      Defendant, RB, is an employer as that term is defined under the Missouri Human Rights Act.

9.      Defendant, RB is an employer as that term is defined under the Civil Rights Act.

10.      LAWSON, is a 46-year-old African American Man.

11.      LAWSON was hired by RB in June of 2017 as a forklift operator LLC facility located in St. Charles County.

12.      While working at RB, LAWSON was subjected to a hostile work environment and other discriminatory behavior.

13.      In the spring of 2018, a noose was placed on a forklift and racially disparaging graffiti was placed found in the men's restroom.  Management sent out a memorandum, but no real action was taken and the environment continued to be hostile to minorities.

14.      In June 2018, LAWSON suffered a heart attack.

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

15.     LAWSON was out of work for approximately three (3) days and was placed on light duty.

16.     Soon after LAWSON's heart attack, he began to be harassed by Human Resources about his attendance.

17.     Human Resources claimed LAWSON had exceeded his attendance points when he had not.

18.     When LAWSON proved RB's Humans Resources department was wrong about his attendance, RB manufacture a new reason to justify LAWSON's termination.

19.     LAWSON was subsequently accused of sleeping on the job.

20.     LAWSON denied this allegation.

21.     Even if LAWSON had slept on the job, there was a disparity between how non-white, non-male employees were treated under similar circumstances at RB.

22.     The white female employee who "observed" LAWSON allegedly sleeping had been actually caught sleeping in the past, but she did not suffer any discipline.

23.     Despite the double standard, on August 6, 2018, LAWSON was told he was being terminated  for sleeping on the job.

## COUNT I
### (Civil Rights Act –Race Discrimination)

24.     Plaintiff restates and realleges paragraphs 1-23 of this Complaint as if fully stated herein.

25.     At all relevant times, Defendant RB was an employer and/or an agent covered by and within the meaning of the Civil Rights Act.

26.     Plaintiff's race was a motivating factor in Defendant RB's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

27.     Defendant RB's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

28.     Defendant RB and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of his race.

29.     As a direct and proximate result of Defendant RB's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

30.     All of the actions of Defendant RB were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant GPC for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant RB and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Civil Rights Act, and all other relief deemed just and equitable.

## COUNT II
### (Missouri Human Rights Act – Race Discrimination)

31.     Plaintiff restates and realleges paragraphs 1-23 of this Complaint.

32.     At all relevant times, Defendant, RB, was an employer and/or an agent covered by and within the meaning of the Illinois Human Rights Act.

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

33.    Plaintiff's race was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

34.    Alternatively, Plaintiff's race was a motivating factor in Defendant's disparate treatment of Plaintiff.

35.    Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

36.    Defendant RB and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of race.

37.    As a result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

38.    All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant RB for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant RB that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under The Illinois Human Rights Act, and all other relief deemed just and equitable.

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

## COUNT III
### (Civil Rights Act –Sex Discrimination)

39.     Plaintiff restates and realleges paragraphs 1-23 of this Complaint as if fully stated herein.

40.     At all relevant times, Defendant RB was an employer and/or an agent covered by and within the meaning of the Civil Rights Act.

41.     Plaintiff's sex was a motivating factor in Defendant RB's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

42.     Defendant RB's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

43.     Defendant RB and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of his sex.

44.     As a direct and proximate result of Defendant RB's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

45.     All of the actions of Defendant RB were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant GPC for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant RB and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages; punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

fees; any other relief afforded Plaintiff under the Civil Rights Act, and all other relief deemed just and equitable.

## COUNT IV
### (Missouri Human Rights Act – Sex Discrimination)

46.     Plaintiff restates and realleges paragraphs 1-23 of this Complaint.

47.     At all relevant times, Defendant, RB, was an employer and/or an agent covered by and within the meaning of the Illinois Human Rights Act.

48.     Plaintiff's sex was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

49.     Alternatively, Plaintiff's sex was a motivating factor in Defendant's disparate treatment of Plaintiff.

50.     Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

51.     Defendant RB and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of sex.

52.     As a result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

53.     All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant RB for its wrongful conduct and deter it and others from like conduct in the future.

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

WHEREFORE, Plaintiff prays that judgment be entered against Defendant RB that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages; punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under The Illinois Human Rights Act, and all other relief deemed just and equitable.

### COUNT V
### (Civil Rights Act –Disability Discrimination)

54.     Plaintiff restates and realleges paragraphs 1-23 of this Complaint as if fully stated herein.

55.     At all relevant times, Defendant RB was an employer and/or an agent covered by and within the meaning of the Civil Rights Act.

56.     Plaintiff's disability, or perceived disability, was a motivating factor in Defendant RB's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's termination.

57.     Defendant RB's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

58.     Defendant RB and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of his disability, or perceived disability.

59.     As a direct and proximate result of Defendant RB's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

60.     All of the actions of Defendant RB were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant GPC for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant RB and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Civil Rights Act, and all other relief deemed just and equitable.

### COUNT VI
### (Missouri Human Rights Act – Disability Discrimination)

61.     Plaintiff restates and realleges paragraphs 1-23 of this Complaint.

62.     At all relevant times, Defendant, RB, was an employer and/or an agent covered by and within the meaning of the Illinois Human Rights Act.

63.     Plaintiff's disability, or perceived disability, was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to Plaintiff's termination.

64.     Alternatively, Plaintiff's disability, or perceived disability, was a motivating factor in Defendant's disparate treatment of Plaintiff.

65.     Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

66.     Defendant RB and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability, or perceived disability.

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

67.   As a result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

68.   All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant RB for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant RB that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under The Illinois Human Rights Act, and all other relief deemed just and equitable.

## COUNT V
### (Violation of 42 U.S.C. § 1981 RB)

69.   Plaintiff restates and realleges paragraphs 1-23 of this Complaint.

70.   RB discriminated against Plaintiff  based upon his race in violation of the rights of Plaintiff afforded him by 42 U.S.C. §1981.

71.   By the conducts described above, RB intentionally deprived Plaintiff, an African American, of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual employment relationship with RB in violation of 42 U.S.C. §1981.

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

72.     As a result of RB's discrimination in violation of 42 U.S.C. §1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and have suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of RB's actions, thereby entitling his to compensatory damages.

73.     Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

74.     As a result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

75.     All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant RB for its wrongful conduct and deter it and others from like conduct in the future.

76.     In its discriminatory actions as alleged above, RB has acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling him to an award of punitive damages.

WHEREFORE, Plaintiff prays that this Court grant relief against each of the Defendant GPC as follows:

(a)  Enter a declaratory judgment declaring that the Defendant has willfully and wrongfully violated its constitutional, statutory, and legal obligations, and deprived Plaintiff of his rights, privileges, protections, compensation and entitlements under law, as alleged

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

herein;

(b) Enter a permanent injunction enjoining Defendant from continuing to adopt, apply, and enforce policies, regulations, directives, decisions, procedures, and practices which prevent, prohibit, restrain and restrict Plaintiff from exercising his constitutional rights;

(c) Order Defendants to rescind the termination of Plaintiff and to immediately reinstate him to his positions with RB.

(d) Enter a permanent injunction restraining and preventing Defendant from continuing to discriminate and retaliate against Plaintiff, from continuing to interfere with and infringe upon the rights of Plaintiff, and from otherwise violating their obligations under the U.S. Constitution and the law;

(e) Order a complete and accurate accounting of all the compensation and relief to which Plaintiff is entitled;

(f) Award Plaintiff monetary damages in the form of back pay, compensation, benefits, unpaid entitlements, plus pre-judgment and post-judgement interest;

(g) Award the Plaintiff substantial compensatory damages payable by the Defendant, for the violation of Plaintiff's rights and the harm to her reputations, humiliation, emotional and mental anguish, and for other financial and consequential harm and injuries they have suffered;

(h) Award the Plaintiff's his reasonable attorneys' fees and the costs and disbursements of this action; and

(i) Grant such other legal and equitable relief as may be just and proper.

JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury on the claims presented in this Complaint.

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, RECKITT BENCKISER, LLC , and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under the law, and all other relief deemed just and equitable.

## CONSTITUTIONAL CHALLENGE TO SB43

To any extent that Plaintiff is required to raise any constitutional challenges to SB43 at this time, Plaintiff states as follows:

77.     On August 28, 2017, SB43 went into effect as a law approved by the Missouri Legislature and signed by the former Missouri Governor Greitens.

78.     To any extent that SB43 changed, altered, or amended the law in any manner with respect to Plaintiff's claims, SB43 should be deemed unconstitutional.

79.     Mo. Const. Art. I, § 22(a) states: "that the right of trial by jury as heretofore enjoyed shall remain inviolate." SB43 has, among others, enacted caps on damages, changed the burden of proof, and eliminated causes of action that are common law rights that violates the Missouri Constitution.

80.     Mo. Const., Art. III, §§ 21, 23 require that an act must not have changed from its original purpose, have a single subject and that single subject must be clearly expressed in its title. SB43, among others, has more than one subject, fails to conform to the title, fails to keep the public apprised of the general subject matter of the pending law in violation of the Missouri Constitution.

81.     Mo. Const., Art. I, § 10 requires due process of law before depriving a person of life, liberty or property. Laws lacking in reasonable certainty violate due process and are void for vagueness. SB43 fails to provide sufficient notice to the proscribed conduct to either the actor or enforcer who are subject to the statute and fails to prevent arbitrary or uneven application of the law due to, among others, its confusing and sometimes directly contradictory language.

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

82.    SB43, among others, has implemented damage caps and eliminated causes of action in violation of the constitution based upon the theories of equal protection and due process.

83.    Mo. Const., Art. I, § 14 states: "The courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay."

84.    SB43 attempts to deny access to injuries and abolish recognized causes of action including but not limited to the exclusivity provisions contained therein and the common law public policy exception.

85.    SB43's elimination of state actors as employers is in violation of the Mo. Const. and public policy.

86.    The violating provisions of SB43 are essential to the efficacy of SB43 and, therefore, the entire statute should be held unconstitutional.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court strike SB43 in its entirety and alternatively to strike any portion of SB43 to the extent the Court deems it severable; to grant temporary, preliminary, and permanent injunctive relief preventing the implementation, enforcement, or application of the unconstitutional laws; for attorney's fees, costs and expenses as may be provided by law, and for such other relief that this Court deems just.

Respectfully submitted,

THE FURNISS LAW FIRM, LLC
/s/ Joshua G. Miller
Ryan M. Furniss (MO #53787)
Joshua G. Miller (MO #67496)
222 S. Central Avenue, Suite 1004
Saint Louis, MO 63105
(314) 899-9101
(314) 627-5891 (fax)
rfurniss@furnisslaw.com
jmiller@furnisslaw.com

**1911-CC00996**



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | Martha Staggs | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

Otis Lawson
1549 Lakeside Lane
Saint Louis, MO 63138

### NOTICE OF RIGHT TO SUE

RE:   Otis Lawson vs. RECKITT BENCKISER
       E-01/19-50562  28E-2019-00576C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

*[signature]*

Alisa Warren, Ph.D.                    July 24, 2019
Executive Director                     Date

| EXHIBIT |
|---|
| 1 |

C:     additional contacts listed on next page

☒        ☐        ☐        ☐        ☐

3315 W. TRUMAN BLVD.        111 N. 7TH STREET, SUITE 903        P.O. BOX 1300        1410 GENESSEE, SUITE 260        106 ARTHUR STREET
P.O. BOX 1129                ST. LOUIS, MO 63101-2100           OZARK, MO 65721-1300    KANSAS CITY, MO 64102          SUITE D
JEFFERSON CITY, MO 65102-1129   PHONE: 314-340-7590                                     FAX: 816-889-3582             SIKESTON, MO 63801-5454
PHONE: 573-751-3325          FAX: 314-340-7238                                                                        FAX: 573-472-5321
*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

RE:   Otis Lawson vs. RECKITT BENCKISER .
E-01/19-50562  28E-2019-00576C

Casey Brown, HR Generalist
RB MANUFACTURING LLC
30 Arrowhead Industrial Boulevard
Saint Peters, MO 63376

Joshua G. Miller
ATTORNEY AT LAW
222 S. Central, Suite 1004
Saint Louis, MO 63105

**1911-CC00996**

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Otis Lawson<br>1549 Lakeside Lane<br>Saint Louis, MO 63138 | From: St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28E-2019-00576 | Joseph J. Wilson,<br>State & Local Program Manager | (314) 539-7816 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Lloyd J. Vasquez, Jr.,
**District Director**

August 6, 2019
*(Date Mailed)*

Enclosures(s)

cc: ✓ Joshua G. Miller
**ATTORNEY AT LAW**
222 S. Central, Suite 1004
Saint Louis, MO 63105

Casey Brown, HR Generalist
RB MANUFACTURING LLC
30 Arrowhead Industrial Boulevard
Saint Peters, MO 63376

**EXHIBIT**
**2**

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

**1911-CC00996**

Electronically Filed - St Charles Circuit Div - October 18, 2019 - 10:21 AM

IN THE 11ST CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| OTIS LAWSON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Cause No.: |
| | ) | Division No.: |
| RECKITT BENCKISER, LLC, a foreign | ) | |
| limited liability company, | ) | |
| | ) | |
| SERVE REGISTERED AGENT: | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CSC-Lawyers Incorporating Service  Co. | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| *Defendant*. | ) | |

## REQUEST FOR SUMMONS

Please prepare a summons for the Defendant,  Reckitt Benckiser, LLC, CSC Lawyers
Incorporating Service, 221 Bolivar Street, Jefferson City, MO 65101.


Respectfully submitted,

THE FURNISS LAW FIRM, LLC

/s/ Joshua G. Miller
Ryan M. Furniss (MO #53787)
Joshua G, Miller (MO #67496)
222 S. Central Ave, Suite 1004
Saint Louis, MO 63105
(314) 914-2522
(314) 627-5891 (fax)
jmiller@furnisslaw.com
rfurniss@furnisslaw.com



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

*RECEIVED*
*OCT 31 2019*
*COLE COUNTY*
*SHERIFF'S OFFICE*

| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 1911-CC00996 |
|---|---|
| Plaintiff/Petitioner:<br>OTIS LAWSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOSHUA GRAHAM MILLER<br>THE FURNISS LAW FIRM LLC<br>222 S CENTRAL AVE SUITE 1004<br>SAINT LOUIS, MO 63105 |
| Defendant/Respondent:<br>RECKITT BENCKISER LLC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | **FILED**<br>NOV 2 5 2019     (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  RECKITT BENCKISER LLC
         **Alias:**

30 ARROWHEAD INDUSTRIAL BLVD
SAINT PETERS, MO 63376

CIRCUIT CLERK
ST CHARLES COUNTY
REGISTERED AGENT INCORPORATING
SERVICE CO
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*(Court Seal of Circuit Court of Missouri St. Charles County)*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____10/22/2019_____     _____/S/  Cheryl Crowder_____
Date                                Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: CSC Lawyers, Sul. (name) Designee (title).

☐ other: _____

Served at 350 E. High St (address)

in Cole (County/City of St. Louis), MO, on 11-5-19 (date) at 7:30 AM (time).

Sheriff _____    By    Dep. Gina Starbl 81
     Printed Name of Sheriff or Server             Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                   Date                         Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



Request for documentsThurston, Mary K. to: circuit11.closedfiles@courts.mo.gov
10/23/2019 06:26 PM
From: "Thurston, Mary K." <Mary.Thurston@klgates.com>
To: "circuit11.closedfiles@courts.mo.gov" <circuit11.closedfiles@courts.mo.gov>

Hi,

I would like to request from case, 1911-CC00996 - OTIS LAWSON V RECKITT BENCKISER, the Petition and Exhibits filed on 10/18/2019. Please let me know what you need to proceed.

Thank you,

Mary Thurston

**K&L GATES**

**Mary Thurston**
Legal & Business Research Analyst
Library & Research Services
K&L Gates
Direct Dial Number: 206-370-6807
Email: mary.thurston@klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Mary.Thurston@klgates.com.-5

FILED

OCT 2 4 2019

CIRCUIT CLERK
ST. CHARLES CO



## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JON A. CUNNINGHAM | Case Number:  1911-CC00996 |
| Plaintiff/Petitioner:<br>OTIS LAWSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOSHUA GRAHAM MILLER<br>THE FURNISS LAW FIRM LLC<br>222 S CENTRAL AVE SUITE 1004<br>SAINT LOUIS, MO  63105 |
| Defendant/Respondent:<br> RECKITT BENCKISER LLC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  RECKITT BENCKISER LLC
**Alias:**

30 ARROWHEAD INDUSTRIAL BLVD
SAINT PETERS, MO  63376

R/A CSC LAWYERS INCORPORATING
SERVICE CO
221 BOLIVAR ST
JEFFERSON CITY, MO  65101

*COURT SEAL OF*

*ST. CHARLES COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____10/22/2019_____          _____/S/  Cheryl Crowder_____
Date                                                  Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
Date                                                  Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.